Richard DUNLAP, et al., Plaintiffs,

v.

SCHRADER OIL CO., Defendant.

No. 89–C–1962.

United States District Court,
D. Colorado.

March 4, 1991.

**634**

Marilyn Biggs Adkins, Denver, Colo., for plaintiffs.

J. Brad March, Fort Collins, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiffs, former operators of a "Phillips–66" service station, commenced this action against the defendant asserting, inter alia, a claim for violation of the Petroleum Marketing Practices Act (the Act or PMPA), 15 U.S.C. § 2801 et seq. Defendant has moved for summary judgment on that claim, asserting that it was not timely filed and that no franchise relationship existed. Plaintiffs have responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not materially facilitate decision. Jurisdiction is alleged to exist under 15 U.S.C. § 2805(a) and Fed. R.Civ.P. 18.

█ Unless there was a franchise relationship between the parties, the Act does not apply and the plaintiffs' first claim must be dismissed. Defendant asserts that after April 17, 1987, the plaintiffs were consignees rather than franchisees, and therefor the Act is inapplicable. While the plaintiffs admit that they were consignees, they assert, that the Act's definition of "retailer" includes consignees and therefore the Act is applicable.

The meaning of the term "retailer" has been extensively litigated, yet the plaintiff has not cited, nor has my research found, one case in which a court has concluded that a consignee is a retailer as that term is defined by the Act. Many cases, however, have concluded that parties in situations similar to that of these plaintiffs are not retailers. See Miller v. W.H. Bristow, Inc.

739 F.Supp. 1044 (D.S.C.1990); Sigmon v. Widenhouse Service, Inc., 638 F.Supp. 808 (M.D.N.C.1986); Automatic Comfort, Corp. v. D & R Service, Inc., 620 F.Supp. 1349 (D.Conn.1985); Johnson v. Mobil Oil Corp., 553 F.Supp. 195 (S.D.N.Y.1982).

The starting point for this analysis is the statute, whose pertinent language states:

"The term 'retailer' means any person who purchases motor fuel for sale to the general public for ultimate consumption." 15 U.S.C. § 2801(7).

Courts consistently have concluded that consignees are not retailers because they do not "purchase" the fuel.

In Farm Stores, Inc. v. Texaco, Inc., 763 F.2d 1335 (11th Cir.1985), the court noted several criteria to be considered in determining whether a party is a "retailer." The Eleventh Circuit there concluded that the plaintiff was not a purchaser because:

"it did not: (i) pay for the gasoline inventory until it was sold; (ii) take title; (iii) pay ad valorem taxes on the gasoline inventory; (iv) bear the risk of loss of the gasoline (except for its own carelessness); (v) retain any funds from the sale of the gasoline to motorists (vi) set the price or assume the market risk in fluctuations in gasoline prices; (vii) pay sales taxes or extend credit to motorists on resale; and (viii) hold a gasoline retailers business license." Farm Stores, 763 F.2d at 1340.

Likewise the instant plaintiffs did not: (1) pay for the gasoline until after it was sold; (2) take title to the gasoline; (3) bear the risk of loss; (4) assume the market risk of fluctuations in gasoline prices or (5) pay sales taxes. Plaintiffs, however, did set the price of gasoline, extend credit to motorists on resale and hold a gasoline retailers business licence while the City of Fort Collins required one.

These criteria must be considered in answering the ultimate question whether the plaintiffs are within the class Congress intended to protect when it enacted the PMPA.

"[W]hat does seem clear from the legislative history is that in enacting the

PMPA, Congress intended to protect motor fuel marketers who have enough of the indicia of entrepreneurial responsibility to be considered independent businessmen. At the same time, the statutory language and congressional debates also make clear that persons who act merely as employees are not entitled to the protections of the Act." *Johnson v. Mobil Oil Corp.*, 553 F.Supp. 195, 198–199 (S.D.N.Y.1982).

Although some of the indicia of entrepreneurial responsibility are present, it is clear that the plaintiffs are not entitled to protection of the Act.

In 1987, the plaintiffs were having financial difficulties. To alleviate these difficulties, the parties altered their former relationship, and the defendant bought back all of the gasoline then in the station's underground storage tanks. From that point forward, the defendant owned the gasoline and the plaintiff paid the defendant weekly, based on the volume sold. In essence, the defendants pumped their gasoline into their tanks, and then it was pumped through their pumps into the consumer's automobile. Although the plaintiffs set prices, they did so based on information received from the defendants.

It is clear that the plaintiffs did not "purchase" fuel products from the defendant. Thus, they were not "retailers" and therefore the Act is inapplicable. Defendant's motion for summary judgment as to the plaintiffs' first claim must be granted.

Plaintiffs' remaining claims are state law claims. There is no allegation of diversity of citizenship or other independent ground of federal jurisdiction. Therefore, subject matter jurisdiction lies, if at all, in this court's power to hear pendent state law claims. Under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), federal district courts have discretion to hear pendent claims.

"[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in the federal courts to hear the whole.

That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."

*Gibbs*, 383 U.S. 715, 725–726, 86 S.Ct. 1130, 1139, emphasis in original. The Supreme Court in *Gibbs* set out several factors to be considered by a court when determining whether to exercise pendent jurisdiction. If hearing the state claim would promote judicial economy, convenience, and fairness to the litigants, a federal court need not hesitate in exercising power to hear it. However, if state law issues would substantially predominate, pendent jurisdiction should not be exercised. In addition, as a matter of comity and justice, needless interpretations of state law should be avoided, especially where there is no existing state law precedent and the state courts could provide a clearer reading of state law. *Id.* at 726.

Because only state law claims remain, state law issues would obviously predominate. Thus, I conclude that although this court has the power to hear the remaining claims, that power should not be exercised.

Accordingly IT IS ORDERED that:

(1) As to the plaintiffs' first claim, the defendant's motion for summary judgment is granted;

(2) Plaintiffs' first claim is dismissed; and

(3) Plaintiffs' second through seventh claims are dismissed without prejudice to their reassertion in the proper forum.